UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TASSOULA NICOLAOU,
    *Plaintiff*,

v.

UNITED OF OMAHA LIFE INSURANCE CO.,
    *Defendant.*

No. 3:22-cv-202 (JAM)

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Connecticut law requires life insurance policies to include an "incontestability" provision—a provision barring the insurance company from contesting a policy more than two years after the date of its issuance. *See* Conn. Gen. Stat. § 38a-639(9). Connecticut law also requires life insurance policies to include a "misstatement of age" provision—a provision requiring that, if at any time before payment of a claim it is found that a policy holder has misstated his age when applying for the policy, then the insurance company shall adjust the benefit payment to what would have been paid if the policy holder had not misstated his age. *See* Conn. Gen. Stat. § 38a-639(10).

This case poses the question whether an insurance company may enforce the terms of a misstatement-of-age provision notwithstanding the terms of an incontestability provision. I conclude that the answer is "yes" in accordance with the majority of courts that have addressed the same issue. Therefore, I will grant the defendant insurance company's motion for summary judgment.

## BACKGROUND

Plaintiff Tassoula Nicolaou is the primary beneficiary of a term life insurance policy issued by defendant United of Omaha Life Insurance Company that insured the life of Bruce A. Jones.[1] When Jones applied for the policy in 2014, he misstated his age, claiming he was born in 1965 when in fact he was born ten years earlier in 1955.[2]

After Jones died in January 2021, Nicolaou made a claim for the policy's full face value of $100,000.[3] But when the company examined Jones' death certificate it realized that Jones had misstated his age.[4] Therefore, the company applied the policy's "misstatement-of-age" provision, which provides that "[i]f the Age or sex of the insured has been misstated, the benefits payable will be the amounts which the premiums paid would have purchased for the correct Age and sex."[5] The company recalculated the death benefit and tendered payment of $38,887.66.[6]

But Nicolaou refused the payment and demanded the full face value of $100,000.[7] She relied on the policy's "incontestability" provision which provides in relevant part: "Except for nonpayment of a premium, we will not contest the validity of this policy after it has been in force during the lifetime of the insured for two years from the Contestability Dates of Issue."[8]

Nicolaou then filed this *pro se* federal lawsuit, alleging claims against the company for breach of contract and for declaratory judgment.[9] The company in turn has moved for summary judgment.[10] Nicolaou has not opposed or otherwise responded to the summary judgment motion.

---

[1] Doc. #13 at 1 (¶¶ 1–2).
[2] *Ibid.* (¶¶ 4–6).
[3] *Id.* at 2–3 (¶¶ 14, 28).
[4] *Id.* at 2 (¶¶ 15–19).
[5] *Id.* at 2–3 (¶ 20); Doc. #12-2 at 24.
[6] Doc. #13 at 2–3 (¶¶ 20–22).
[7] *Id.* at 3 (¶¶ 27–29).
[8] Doc. #12-2 at 23.
[9] Doc. #1-2.
[10] Doc. #10; *see* Doc. #14.

**DISCUSSION**

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable factfinder to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues of fact but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).[11]

As noted above, Nicolaou has not responded to the company's motion for summary judgment. In *Jackson v. Federal Express*, 766 F.3d 189 (2d Cir. 2014), the Second Circuit instructed that "when a party, whether *pro se* or counseled, fails to respond to an opponent's motion for summary judgment, a district court may not enter a default judgment," but "must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." *Id.* at 197.

In accordance with the requirements of the Court's local rules, the company has filed a statement of facts along with appropriate supporting evidentiary materials.[12] Because Nicolaou has not filed a statement to controvert the facts as set forth by the company, I accept as true all of the facts as stated by the company. *See Vanterpool v. Harris*, 2022 WL 503924, at *3 (D. Conn.

---

[11] Unless otherwise indicated, this ruling omits internal quotations marks, alterations, citations, and footnotes in text quoted from court decisions.
[12] Doc. #12; Doc. #13.

2022). In addition, the company has complied with the requirement of the Court's local rules to furnish a notice to a self-represented plaintiff of the plaintiff's obligation to respond to the motion for summary judgment.[13]

"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract." *Jemiola Tr. of Edith R. Jemiola Living Tr. v. Hartford Cas. Ins. Co.*, 335 Conn. 117, 128 (2019). "The determinative question is the intent of the parties, that is, what coverage the … insured expected to receive and what the insurer was to provide, as disclosed by the provisions of the policy." *Ibid.* Moreover, "if the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning." *Id.* at 128–29. A court "must look at the contract as a whole, consider all relevant portions together and, if possible, give operative effect to every provision in order to reach a reasonable overall result." *Id.* at 129.

The company argues that there is no conflict between the misstatement-of-age provision and the incontestability provision, citing numerous court rulings that have allowed the enforcement of a misstatement-of-age provision notwithstanding a policy's incontestability provision. *See e.g.*, *Yang v. Farmers New World Life Ins. Co.,* 898 F.3d 825, 827–28 (8th Cir. 2018); *Schuerger v. Farmers New World Life Ins. Co.,* 2019 WL 13150018, at *3–6 (W.D. Tex. 2019); *New York Life Ins. Co. v. Hollender*, 38 Cal. 2d 73, 78 (Cal. 1951). In essence, these courts reason that an incontestability provision applies only if the company seeks to *invalidate* the policy and that a company's application of a misstatement-of-age provision to reduce a policy's benefit payment does not amount to an invalidation of the policy.

---

[13] Doc. #15.

I agree with this reasoning. So long as the benefits adjustment occurs pursuant to the policy's express terms as it has here, it "is not a contest of the validity of the insurance contract but instead a recognition of its terms." 29-178 *Appleman on Insurance Law & Practice* § 178.03(c)(4) (2d ed. 2011).

This result cannot come as a surprise to Nicolaou. A claimant for insurance benefits cannot reasonably believe that she is entitled to rely on a lie as the basis for an award of benefits.

Moreover, as noted above, Connecticut law requires that an insurance policy contain both an incontestability provision and a misstatement-of-age provision. *See* Conn. Gen. Stat. § 38a-639(9)–(10). The necessary implication is that there is no inherent conflict between these two provisions—and that the misstatement-of-age provision may be enforced notwithstanding the incontestability provision.

In short, there are no genuine issues of fact in dispute, and the law is otherwise clear. Accordingly, I will grant the company's motion for summary judgment.

## CONCLUSION

The Court GRANTS the defendant's motion for summary judgment (Doc. #11). The Clerk of Court shall enter judgment in the defendant's favor and close this case.

It is so ordered.

Dated at New Haven this 9th day of January 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge